**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WANDAFUL CAFARO<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.<br><br>Defendant | : | CIVIL ACTION FILE NO. ________________<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Wandaful Cafaro ("Plaintiff" or "Cafaro") files her Complaint against Defendant American Express Travel Related Services Company, Inc. ("Defendant" or "American Express").

## NATURE OF THE ACTION

1. This is an action for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and pregnancy discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended by the Pregnancy Discrimination Act ("PDA") and 42 U.S.C. § 1981A ("Title VII").

## PARTIES

2. Plaintiff Wandaful Cafaro is a U.S. citizen and resident of Gwinnett County in Lawrenceville, Georgia.

3. Defendant American Express Travel Related Services, Inc. is a corporation organized under the laws of New York. Defendant's principal business address is 200 Vesey Street, New York, NY, 10285.

4. Defendant can be served with process in Georgia on its Registered Agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

## JURISDICTION AND VENUE

5. The claims Plaintiff brings in this lawsuit present federal questions and jurisdiction in this court is proper under 28 U.S.C. § 1331.

6. Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391. Defendant operates in this judicial district and division, conducts business in this judicial district and division, and the alleged unlawful acts against Plaintiff also occurred here.

7. On September 25, 2023, Plaintiff filed a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), alleging disability and pregnancy discrimination, failure to accommodate, and retaliation.

8. Plaintiff received a Notice of Right to Sue from the EEOC on or about March 3, 2025.

## FACTUAL ALLEGATIONS

9. In November 2022, Defendant hired Plaintiff to work remotely in Georgia as a Travel Lifestyle Consultant.

10. Shortly after being hired, Plaintiff disclosed her pregnancy and was advised she could start training, take maternity leave, and return to training afterward.

11. Plaintiff began training on November 14, 2022 but had to go out on leave on December 5, 2022 because she kept going in and out of preterm labor.

12. She gave birth to her child on December 15, 2022.

13. Even though her medical treatment providers thought she was returning to work too soon, Plaintiff returned to her remote training on January 29, 2023.

14. Upon her return, however, her computer equipment and password were not working.

15. Plaintiff complained that she could not hear the trainers.

16. Defendant did not fix these technical issues.

17. She was also assigned to a training class that was three weeks further along than she was before she went out on leave, so she was far behind.

18. The technical issues, inadequate support and harassment from her supervisor, Chastity Tesnu, and being placed in a training class that was significantly ahead of her, all caused undue mental stress on Plaintiff, who was already suffering from postpartum depression.

19. Plaintiff began experiencing physical symptoms that were diagnosed as postpartum preeclampsia.

20. On February 8, 2023, Plaintiff notified Tesnu that she was not feeling well enough to sign in to work.

21. On February 11, 2023, Plaintiff emailed Dajan Kissoonlal and Regina Stabile, informing them of the issues with her computer equipment, supervisor, and pregnancy-related disability symptoms.

22. Plaintiff began experiencing stroke-like symptoms from postpartum preeclampsia.

23. On or about February 23, 2023, Defendant shut down Plaintiff's access to her work email address.

24. Plaintiff's former supervisor warned her to document every communication with Defendant. She specifically warned Plaintiff that Defendant had a practice of claiming that it either communicated with employees regarding medical leave when it did not, or in pretending that an

employee on medical leave did not provide a necessary communication, when they had.

25. Because Defendant violated its practices by shutting off Plaintiff's access to her work email while on leave, Plaintiff checked her email and spam folders daily.

26. On March 13, 2023, Plaintiff let Jill Glickstein, a Leave of Absence Specialist, know of her pregnancy-related disability and some of the symptoms she was experiencing.

27. Plaintiff filled out the Company paperwork to seek a leave of absence as an accommodation for her pregnancy-related disability.

28. In response, on March 13, 2023, Glickstein asked for a return-to-work date so the Company could plan for her to join another training class, which she said may start in mid-June.

29. On March 15, 2023, Plaintiff's medical treatment provider provided Defendant with a letter requesting that it accommodate Plaintiff by allowing her to rest at home because she was suffering from postpartum pregnancy complications.

30. The letter also stated that Plaintiff will return to work on June 15, 2023.

31. Despite the letter inviting Defendant to contact them if it needed further information or clarification, Defendant never contacted Plaintiff's medical provider.

32. Defendant did not communicate to Plaintiff that it needed further information from her medical provider by telephone call, voice mail, email, or letter.

33. Rather than grant Plaintiff's leave request as an accommodation, on April 6, 2023, Glickstein left a voicemail message letting Plaintiff know that Defendant terminated her effective April 2, 2023.

34. Defendant's claimed reason for termination — failure to respond to an email letter it never sent or received — was pretextual.

35. By terminating Plaintiff without adequately processing her leave request or engaging in the interactive process further, Defendant violated the ADA.

36. Defendant's termination of Plaintiff caused her financial damages, including loss of pay and benefits, and emotional distress.

## COUNT ONE
## DISABILITY DISCRIMINATION UNDER THE ADA

37. Plaintiff realleges and incorporates Paragraphs 9 through 36 here.

38. Plaintiff is a qualified individual with a disability as defined by the ADA.

39. Plaintiff provided the Defendant with a date that she could return to work in a short period.

40. Plaintiff's postpartum depression, preeclampsia, and high blood pressure substantially limited her in one or more major life activities.

41. Plaintiff had a record of a disability.

42. Defendant regarded Plaintiff as disabled.

43. Defendant terminated Plaintiff because of her disability.

44. As a result of Defendant's discrimination against Plaintiff, she is entitled to recover the relief requested below.

## COUNT TWO
## FAILURE TO ACCOMMODATE UNDER THE ADA

45. Plaintiff realleges and incorporates Paragraphs 9 through 36, 38 through 40, and 43 here.

46. Plaintiff was a qualified individual with a disability, and her medical providers had specified that she could return to work on June 15, 2023.

47. Rather than grant her leave until June 15, 2023, or when the next training class or open position was available, Defendant failed to reasonably accommodate Plaintiff.

48. It would not have been an undue burden to grant Plaintiff her requested leave.

49. By terminating Plaintiff, Defendant abruptly ended the interactive process.

50. As a result of Defendant's discriminatory failure to accommodate Plaintiff, she is entitled to recover the relief requested below.

## COUNT THREE
## RETALIATION UNDER THE ADA

51. Plaintiff realleges and incorporates Paragraphs 9 through 36 here.

52. Plaintiff engaged in protected activity under the ADA when she requested accommodations and leave for her pregnancy-related disabilities.

53. Defendant retaliated against Plaintiff by terminating her shortly after she engaged in protected activity.

54. As a result of Defendant's retaliation against Plaintiff for seeking accommodations and taking leave to treat her disabilities, she is entitled to recover the relief requested below.

## COUNT FOUR
## DISCRIMINATION UNDER TITLE VII
## AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

55. Plaintiff realleges and incorporates Paragraphs 9 through 36 here.

56. After giving birth to a child in December, Plaintiff returned to work, but suffered from postpartum pregnancy-related disabilities.

57. Defendant knew that Plaintiff suffered from pregnancy-related disabilities or at least symptoms arising from her recent pregnancy.

58. Defendant terminated Plaintiff due to her pregnancy-related conditions.

59. As a result of Defendant's discrimination, Plaintiff is entitled to recover the relief requested below.

**COUNT FIVE**
**RETALIATION UNDER TITLE VII**
**AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**

60. Plaintiff realleges and incorporates Paragraphs 9 through 36 here.

61. Plaintiff engaged in protected activity under Title VII when she requested accommodations and leave for her pregnancy-related conditions and disabilities.

62. Defendant retaliated against Plaintiff by terminating her shortly after she engaged in this protected activity.

63. As a result of Defendant's retaliation against Plaintiff for seeking accommodations and taking leave to treat her pregnancy-related disabilities, she is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded a declaratory judgment that Defendant violated the ADA, Title VII, and PDA;

c. That Plaintiff recover from Defendant back pay and benefits with pre-judgment interest;

d. That Plaintiff recover compensatory damages for emotional distress;

e. That Plaintiff recover punitive damages;

f. That the Court order Defendant to reinstate Plaintiff, or in lieu of reinstatement, award Plaintiff front pay and benefits;

g. That Plaintiff recover attorney's fees and costs of litigation under the ADA, Title VII, PDA, and any other applicable federal law;

g. That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**[Signature on Following Page]**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted this 29th day of May, 2025.

T. Robert Reid, LLC

s/ Tilden Robert Reid, II
T. Robert Reid
Ga. Bar No. 600138
1030 Woodstock Road
Suite 3112
Roswell, Georgia 30075
Telephone (678) 743-1064
rob@reidattorney.com

Attorney for Plaintiff